FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 18 2017

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 15-01699 MV |
| | ) | |
| DOMINIC DALE GALVAN, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, DOMINIC DALE GALVAN, and the Defendant's counsel, Kari Converse:

### REPRESENTATION BY COUNSEL

1.    The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.    The Defendant further understands the Defendant's rights:

    a.    to be prosecuted by indictment;

    b.    to plead not guilty, or having already so pleaded, to persist in that plea;

    c.    to have a trial by jury; and

    d.    at a trial:

1)      to confront and cross-examine adverse witnesses,

2)      to be protected from compelled self-incrimination,

3)      to testify and present evidence on the Defendant's own behalf, and

4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to the information, charging a violation of 18 U.S.C. § 1153(b) and 13, and N.M. Stat. Ann. § 30-6-1(D)(3) (2009), that being Child Abuse (No Death or Great Bodily Harm), an Indian Country Crime.

## SENTENCING

4.      The Defendant understands that the maximum penalty provided by law for this offense is:

    a.      imprisonment for a period of not more than three years;

    b.      a fine not to exceed the greater of $5,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.      a term of supervised release of not more than one year to follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.      a mandatory special penalty assessment of $100.00; and

2

   e.  restitution as may be ordered by the Court.

 5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

 6. The parties are aware that the Court will decide whether to accept or reject this plea agreement.   The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.   Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

 7. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

 8. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 18 U.S.C. § 1153(b) and 13, and N.M. Stat. Ann. § 30-6-1(D)(3) (2009), that being Child Abuse (No Death or Great Bodily Harm)

   *First*:  On April 15, 2014, Dominic Dale Galvan drove child, Jane Doe, to a relative's residence.   Dominic Dale Galvan left Jane Doe unattended in the vehicle for at least 20-45 minutes while he went inside the residence.   Jane Doe did not have a diaper, pants or socks on, and was only dressed in a t-shirt while the weather was cold, and 29 degrees Fahrenheit at the time.   Jane Doe was

3

|           | discovered in the vehicle by police and appeared cold and shivering; |
|-----------|---|
| *Second*: | By engaging in the conduct described in Paragraph 1, Dominic Dale Galvan caused and permitted Jane Doe to be exposed to inclement weather; |
| *Third*:  | Dominic Dale Galvan showed a reckless disregard, without justification for the safety or health of Jane Doe.   Dominic Dale Galvan's conduct was more than merely negligent or careless. Dominic Dale Galvan caused and permitted a substantial and unjustifiable risk of serious harm to the safety or health of Jane Doe.   A substantial and unjustifiable risk is one that any law-abiding person would recognize under similar circumstances and would cause any law-abiding person to behave differently than Dominic Dale Galvan out of concern for the safety or health of Jane Doe; |
| *Fourth*: | Dominic Dale Galvan was a parent, guardian or custodian of the child, Jane Doe, or Dominic Dale Galvan had accepted responsibility for Jane Doe's welfare; |
| *Fifth*:  | Jane Doe was under the age of eighteen (18); |
| Sixth:    | Dominic Dale Galvan is an Indian; and |
| Seventh:  | This occurred on or about April 15, 2014, in Indian Country, in Rio Arriba County, in the State of New Mexico. |

## **DEFENDANT'S ADMISSION OF FACTS**

9.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory

minimum or maximum penalties.   I specifically admit the following facts related to the charges

against me, and declare under penalty of perjury that all of these facts are true and correct:

> **On or about April 15, 2014, in Indian Country as federally defined, in Rio Arriba**
>
> **County, in the State of New Mexico, I, Dominic Dale Galvan, an Indian as federally**
>
> **defined, negligently and without justifiable cause, permitted and caused a two-year-**
>
> **old child, Jane Doe, to be exposed to the inclemency of the weather.   I am the**
>
> **parent of Jane Doe and I had accepted responsibility for Jane Doe's welfare that**
>
> **evening.   I drank some alcohol earlier in the evening at my father's residence.**
>
> **Later in the evening, I drove a car with Jane Doe to Delphina's house in Santa Clara**
>
> **Pueblo.   I left Jane Doe in the vehicle while I went inside the residence.   It was a**
>
> **cold night and the weather at the time was 29 degrees Fahrenheit.   Jane Doe was**
>
> **not wearing a diaper, socks, or pants at the time.   Jane Doe only had a t-shirt on.   I**
>
> **was inside the residence for at least 20-45 minutes when police arrived.   Jane Doe**
>
> **was found cold and shivering.   My actions caused and permitted a substantial and**
>
> **unjustifiable risk of serious harm to the safety or health of Jane Doe.**

10.     By signing this agreement, the Defendant admits that there is a factual basis for

each element of the crime(s) to which the Defendant is pleading guilty.   The Defendant agrees

that the Court may rely on any of these facts, as well as facts in the presentence report, to

determine the Defendant's sentence, including, but not limited to, the advisory guideline offense

level.

## RECOMMENDATIONS

11.     The United States and the Defendant recommend as follows:

a.   The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentencing range of 6 months to 24 months' imprisonment is the appropriate disposition in this case, and the parties may argue for any term within the range.   This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur.   The remaining components of the Defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

b.   If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.   The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.   Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any

facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

14.     The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant.   Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentencing range of 6 to 24 months' imprisonment as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure.   If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## WAIVER OF APPEAL RIGHTS

15.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

7

## GOVERNMENT'S ADDITIONAL AGREEMENT

16.    Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

        a.    Following sentencing, the United States will move to dismiss the indictment in this case.

        b.    The United States agrees that the term of imprisonment shall run concurrent to Defendant's currently pending Colorado case for Failure to Register as a Sex Offender (16CR7174).

17.    This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

18.    The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).   The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

19.    The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false

statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

20.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

21.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 18th day of September , 2017.

JAMES D. TIERNEY
Acting United States Attorney


_____

LUCY SOLIMON
Special Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

KARI CONVERSE
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

DOMINIC DALE GALVAN
Defendant